**UNITED STATES of America ex rel. Francis MONAHAN, Relator-Appellant,**

**v.**

**Daniel McMANN, Warden of Auburn State Prison, Auburn, New York, Respondent-Appellee.**

**No. 45, Docket 33530.**

United States Court of Appeals, Second Circuit.

Argued Sept. 23, 1970.

Decided Sept. 23, 1970.

Lillian Z. Cohen, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen., State of N. Y., and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Christopher Crowley, New York City (Robert M. Hallman, and Bartlett H. McGuire, New York City, on the brief), for appellant.

Before LUMBARD, Chief Judge, and ANDERSON and FEINBERG, Circuit Judges.

## PER CURIAM:

Appellant is presently confined in Auburn State Prison, Auburn, New York, following his conviction in 1962 of grand larceny in the first degree and burglary in the third degree. He was sentenced as a third felony offender to a term of seven and one-half to twelve and one-half years on each count, with the sentences to run concurrently. He began serving the sentences in November 1966 at the expiration of his sentence on a 1948 felony conviction.

In 1948, the appellant was named in four indictments by the Oneida County Grand Jury. Each indictment alleged that the appellant was a second felony offender by virtue of a 1945 felony conviction. Initially, appellant pleaded not guilty to all indictments. Subsequently, on the advice of counsel, he changed his plea to guilty to all charges and was sentenced as a second felony offender to consecutive terms of five to ten years on two counts of burglary in the third degree. Appellant's 1945 felony conviction would have been a misdemeanor but for an earlier misdemeanor conviction in 1945.

In 1966, the appellant obtained a writ of *coram nobis* and had his 1945 misdemeanor conviction set aside on the ground that, contrary to state law, he had not been advised of his right to counsel, and in 1967 appellant's 1945 felony conviction was vacated by the Oneida County Court. The same court resentenced appellant, as a first felony offender, on his 1948 convictions, but denied his motion to withdraw his guilty plea and plead anew as to the 1948 indictments.

On March 19, 1969, appellant petitioned the United States District Court for the Northern District of New York for a writ of habeas corpus to set aside his 1948 conviction on the ground that his plea of guilty was involuntary. He claimed that but for the existence in the indictments of the allegation of his 1945 felony conviction he would have pleaded not guilty. Since the 1945 felony conviction has since been vacated, appellant claims that his plea was improperly coerced, and was, therefore, involuntary. The district court, in an unreported decision, denied the petition without a hearing. We affirm.

Appellant's guilty plea can be the subject of collateral attack only if the failure to raise, in the state court, the claim that the prior conviction was void was brought about by the incompetent advice of his counsel. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). As no such claim is justified in the present case, the petition was properly dismissed without a hearing.[1] As stated in *McMann*, the sensible course would have been for the appellant to plead not guilty and raise his claim at the trial that the prior conviction was void.

---

1. The testimony of the appellant before the Oneida County Court on the motion to withdraw the guilty plea and plead anew reveals that the appellant's plea was made on the advice of counsel. There is no allegation that this advice was incompetent.