James MORSE, Petitioner-Appellant,

v.

STATE OF TEXAS,
Respondent-Appellee.

No. 82–2031

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 15, 1982.

Bertrand Moser, Houston, Tex., for petitioner-appellant.

Joe Foy, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

Having exhausted state remedies, the petitioner Morse, a Texas state prisoner, applies for habeas relief. 28 U.S.C. § 2254. He challenges the state court's imposition of a mandatory life imprisonment sentence for a 1974 conviction of aggravated robbery as enhanced by two prior felony convictions. He contends that the enhancement of his sentence is unconstitutional because a 1963 guilty plea conviction that was used to enhance the 1974 sentence had been the result of Morse's fear that a subsequently voided (as uncounselled) 1959 guilty-plea conviction would otherwise have been used to enhance the sentence on the 1963 conviction. We affirm, finding that the 1963 guilty plea was itself voluntary, and that the vitiated 1959 conviction was not actually used against Morse in the 1963 conviction proceeding.

*(1)*

James Morse pled guilty to and was convicted of burglary in 1959 and felony theft in 1960. In 1963 he was indicted once again for felony theft. Under Texas law he faced a sentence of mandatory life imprisonment if he were convicted with the two prior offenses. Pursuant to plea negotiations, Morse agreed to enter a guilty plea in exchange for the dismissal of the 1959 conviction from the indictment. He received a mandatory ten year sentence.[1]

In 1974, Morse was again indicted, this time for aggravated robbery. The indictment alleged the 1960 and 1963 convictions for enhancement purposes. Morse was convicted and sentenced to the mandatory punishment of life imprisonment. By this habeas application, Morse attacks this 1974 conviction because the 1963 conviction used to enhance the sentence allegedly resulted from the uncounselled 1959 conviction, although the latter was not itself used to enhance the presently attacked enhanced life sentence received on the 1974 conviction.

While in prison, Morse filed an application for state habeas corpus and successfully attacked his 1959 conviction. *Ex Parte Morse,* 591 S.W.2d 904 (Tex.Cr.App.1980). The basis for this successful attack was the ineffective and perfunctory assistance of counsel. (At the time of the 1959 conviction, which was prior to *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), neither Texas law nor federal constitutional principles required the appointment of counsel in noncapital felonies.)

Morse then filed this habeas application. He alleges that he was innocent in 1963, and that he pled guilty only out of fear for the life imprisonment sentence that would

---

1. A two-time convicted felon under Texas law receives a mandatory sentence of the highest penalty established for the offense. A three-time convicted felon receives a mandatory life imprisonment sentence.

have been imposed because of the prior unconstitutional conviction. He contends that because the 1963 guilty plea was motivated by an unconstitutional conviction, the plea cannot constitutionally form the basis for a life imprisonment enhancement.

The district court, after an evidentiary hearing, held that Morse's 1963 conviction was valid, and that its use for enhancement purposes was therefore not in violation of Morse's constitutional rights. We affirm.

### (2)

Morse's 1963 guilty plea may have been based on a faulty premise, as urged by his counsel. Morse was concerned about the potential life sentence that faced him if he were convicted. He therefore admitted his guilt in exchange for a lesser sentence. He stated at the habeas hearing below that the guilty plea was "a better deal" than going to trial. This fear of life imprisonment, however, was based on the faulty supposition that his prior 1959 conviction could validly be used to enhance his sentence. Morse therefore pled guilty in fear of a sentence that, under *Gideon v. Wainwright* standards, could not by law have been imposed, since the uncounselled 1959 conviction could not have been used to enhance his 1963 sentence. *Burgett v. Texas,* 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967).

The case of *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), is similar. In *Brady,* a defendant pled guilty in order to avoid a potential death sentence. Years later, the death sentence provision of the pertinent statute was declared unconstitutional. When the defendant attacked his earlier guilty plea on this ground, the United States Supreme Court would not permit the attack. It stated that " . . . absent misrepresentation or other impermissible conduct by state agents . . . a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id.* at 757, 90 S.Ct. at 1473.

**2.** There is no general duty on the part of defense counsel to anticipate changes in the law.

Morse does not here contend that there was any impermissible action on the part of state agents.[2] He does, however, suggest that *Brady* is distinguishable, in that here (unlike in *Brady*) the accused claims innocence and that he pleaded guilty only because of the use of the uncounselled 1959 conviction in plea-bargaining. We are unable to agree with this distinction, so ably urged by Morse's counsel. As did the district court, we find *Brady* and its progeny dispositive.

Normally, when a guilty plea is accepted by a trial court, nonjurisdictional challenges to the conviction's constitutionality are waived and only an attack on the voluntary and knowing nature of the plea can be sustained. *Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir. 1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 2275, 73 L.Ed.2d 1288 (1982). In the 1963 case, Morse, while represented and advised by competent counsel, balanced the benefits to be gained by plea negotiations against the dangers inherent in going to trial. He made a knowing and voluntary plea in light of the then applicable law. This balancing calculus will not subsequently be upset in the absence of exceptional circumstances indicating a substantial likelihood that the accused has been induced to falsely condemn himself. *Brady v. United States, supra,* 397 U.S. at 758, 90 S.Ct. at 1474. *See also, Bradbury v. Wainwright, supra,* 658 F.2d at 1087; *Stanley v. Wainwright,* 604 F.2d 379, 380 n.1 (5th Cir. 1979), *cert. denied,* 447 U.S. 925, 101 S.Ct. 29, 65 L.Ed.2d 1174 (1980).

Morse relies on several decisions in which guilty pleas were overturned despite the general prohibition against reviewing procedural errors occurring before the plea. *Robinson v. Neil,* 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973); *United States v. Liguori,* 430 F.2d 842 (2d Cir. 1970), *cert. denied,* 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118 (1971); *Hupert v. United States,* 448 F.2d 668 (8th Cir. 1971); *Scogin v. United States,* 446 F.2d 416 (8th Cir. 1971). In all of these cases, however, the procedural er-

*Nelson v. Estelle,* 642 F.2d 903, 908 (5th Cir. 1981).

ror, had it been raised initially, would have created an absolute defense to the conviction.

Morse contends that, as in the cited decisions, his 1963 plea of guilty was induced solely by a legal rule (under which the 1959 conviction was valid) that was subsequently invalidated, here by the subsequently enunciated *Gideon v. Wainwright* principles. Here, however—unlike in the cited decisions—Morse did not unknowingly waive any absolute defense to guilt. He (now) contends that he was in fact innocent of the 1963 offense; but even had he known of the invalidity of the 1959 conviction at the time, he would still have faced the ten-year sentence that he ultimately bargained for and received, had he chosen to go to trial protesting his innocence.

 His belated claim of innocence of the 1963 crime, fifteen years after pleading guilty to it, does not without more entitle him to hearing or relief. A formal admission of guilt by a plea of guilty, if voluntarily made and with the effective assistance of counsel, cannot subsequently be invalidated on contentions that it was made through subjective fear of receiving a heavier penalty if convicted after trial, or because, in the light of hindsight, competent counsel failed to anticipate a change in the law that would have enhanced his bargaining position. *Nelson v. Estelle,* 642 F.2d 903 (5th Cir. 1981); *Grantling v. Balkcom,* 632 F.2d 1261 (5th Cir. 1980). The mere fact that a defendant pleads guilty in order to avoid a heavier sentence does not entitle him to relief, despite even contemporary protestations of innocence (when voluntarily pleaded in the face of a substantial showing of guilt by the state at the time). *North Carolina v. Alford,* 400 U.S. 25, 31–38, 91 S.Ct. 160, 164–68, 27 L.Ed.2d 162 (1970).

Morse also relies on *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) and *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972). In *Burgett,* the Supreme Court held that an uncounselled conviction may not be used to support guilt or enhance punishment for another offense, while in *Loper* the court held that

uncounselled convictions could not be used for impeachment purposes. Those decisions are here inapplicable. The invalid 1959 conviction was not used to enhance Morse's 1963 conviction (it was removed from the indictment in that case, and his sentence was correspondingly reduced), nor was it used for impeachment or for any other trial or conviction purpose. The circumstance that it was used in plea bargaining, all parties being then unaware that it would be invalidated by subsequent *Gideon v. Wainwright* principles, no more affects the validity of the voluntary 1963 plea than did the subsequently invalidated potential death penalty cause a constitutional deficiency in the voluntary plea in *Brady.*

In summary, the 1963 conviction was therefore valid, and its use in 1974 to enhance Morse's sentence did not offend Morse's constitutional rights.

*Conclusion*

For the foregoing reasons, we conclude that an invalid conviction was not used to enhance Morse's sentence. We therefore AFFIRM the district court's determination that Morse's constitutional rights were not violated by the life sentence received as part of his 1974 conviction.

AFFIRMED.