**Phillip Wayne BAILEY,**
**Petitioner–Appellant,**

v.

**Jack COWLEY; Attorney General of the State of Oklahoma,**
**Respondents–Appellees.**

No. 89–5100.

United States Court of Appeals,
Tenth Circuit.

Sept. 25, 1990.

Phillip Wayne Bailey, pro se.

Robert H. Henry, Atty. Gen. of Okl., Diane L. Slayton, Asst. Atty. Gen., Oklahoma City, Okl., for respondents-appellees.

Before LOGAN, SEYMOUR and TACHA, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner appeals from the district court's order of May 16, 1989, denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated in Oklahoma as a result of his conviction of several drug offenses in 1984. His petition alleged that his 1984 sentences were enhanced by reason of two 1973 convictions for second degree burglary which, the petition contended, were invalid. The petition sought to have the 1973 convictions vacated.

■ On appeal, respondents argue that because petitioner listed the 1973 convictions as the judgments under attack in his habeas petition, petitioner is not "in custody" for purposes of federal jurisdiction under 28 U.S.C. § 2254. *See Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) (per curiam) (section 2254 requires that at time petition is filed, petitioner be "in custody" under conviction or sentence under attack). Like the Court in *Maleng,* however, we may liberally construe petitioner's petition as asserting a challenge to the 1984 sentences, as enhanced by the allegedly invalid prior convictions. *See id.* 109 S.Ct. at 1926–27. Therefore, we have jurisdiction to consider the petition.[1]

■ As an initial matter, we note that when petitioner sought post-conviction relief in the state courts on the grounds asserted below, the state courts refused to consider the claims on the merits due to petitioner's procedural default. Respondents did not raise petitioner's procedural default as a defense below, however, nor have they raised it on appeal. Therefore, we will deem the defense waived and will proceed to consider the petition on the merits. *See United States ex rel. Bonner v. DeRobertis,* 798 F.2d 1062, 1066 (7th Cir. 1986); *Boykins v. Wainwright,* 737 F.2d 1539, 1545 (11th Cir.1984), *cert. denied,* 470 U.S. 1059, 105 S.Ct. 1775, 84 L.Ed.2d 834 (1985); *Batchelor v. Cupp,* 693 F.2d 859, 863–64 (9th Cir.1982), *cert. denied,* 463 U.S. 1212, 103 S.Ct. 3547, 77 L.Ed.2d 1395 (1983); *Washington v. Watkins,* 655 F.2d 1346, 1368 (5th Cir.1981), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982).

■ The first issue we must address is whether petitioner's attorney for the 1973 criminal proceedings rendered ineffective legal assistance by failing to investigate the validity of petitioner's 1971 conviction and by advising petitioner to plead guilty to the second degree burglary charges in return for the prosecution's promise not to use the 1971 conviction against petitioner, either to impeach his credibility or to enhance his punishment.

---

1. We realize that by construing the petition as attacking the 1984 sentences, we may have added an aspect to petitioner's claims that was not presented to the state courts in petitioner's prior actions and, therefore, was not exhausted. Since we conclude that petitioner's challenges to the validity of his 1973 convictions are unavailing, however, we do not believe that "the interests of comity and federalism will be better served" by requiring additional state and district court proceedings to consider what effect the alleged invalidity of the 1973 convictions would have on the 1984 sentences. *See Granberry v. Greer,* 481 U.S. 129, 133, 134, 107 S.Ct. 1671, 1674, 1675, 95 L.Ed.2d 119 (1987).

In accordance with *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), "[t]o prove ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that this deficient performance prejudiced his defense." *Laycock v. New Mexico*, 880 F.2d 1184, 1187 (10th Cir.1989). Our review is de novo. *Id.*

In the context of a guilty plea, the defendant can satisfy the first prong of the *Strickland* test if he

> proves that counsel's "advice was not within the wide range of competence demanded of attorneys in criminal cases." The proper standard for measuring attorney performance is reasonably effective assistance. The second prong is met if [the defendant] shows that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

*Id.* (citations omitted).

We conclude that the petitioner's counsel in 1973 could not reasonably be expected to investigate or challenge the validity of petitioner's 1971 conviction. Petitioner contended below that his 1971 conviction was invalid because he was only seventeen in 1971 but was tried as an adult pursuant to Okla.Stat. tit. 10 § 1101(a) (Supp.1969) (repealed 1972), which was held to be unconstitutional in *Lamb v. Brown*, 456 F.2d 18 (10th Cir.1972). Petitioner admitted, however, that he did not inform his counsel of the facts that might suggest that *Lamb* would apply to the prior conviction, *i.e.*, that he was only seventeen when he was convicted in 1971. Moreover, the *Lamb* decision specifically stated that it was not to be applied retroactively, *id.* at 20, which remained the law until 1974, when this court required retroactive application of *Lamb*. *Radcliff v. Anderson*, 509 F.2d 1093, 1096 (10th Cir.1974) (en banc), *cert. denied*, 421 U.S. 939, 95 S.Ct. 1667, 44 L.Ed.2d 95 (1975). Because of the court's ruling in *Lamb*, petitioner's earlier conviction was neither void nor voidable in 1973, so his counsel did not give him any misleading advice. We conclude that petitioner's counsel's conduct did not fall below an objective standard of reasonableness considering all the circumstances. *See Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064.

■ Petitioner's second issue on appeal is whether his guilty plea was rendered involuntary because he entered the plea solely on the advice of his counsel under fear that the prosecution would use a prior conviction against him that was subsequently invalidated as unconstitutional. Petitioner alleged that if he had known the 1971 conviction was invalid, he would have insisted on going to trial on the burglary charges.

"Whether a plea is voluntary is a question of federal law subject to de novo review." *Laycock*, 880 F.2d at 1186. The standard for voluntariness of guilty pleas is that adopted by the Supreme Court in *Brady v. United States:*

> " [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).' "

397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970) (quoting *Shelton v. United States*, 246 F.2d 571, 572 n. 2 (5th Cir.1957) (en banc) (quoting *Shelton v. United States*, 242 F.2d 101, 115 (5th Cir. 1957), *rev'd on other grounds*, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958)).

Since petitioner's attorney rendered effective legal assistance, petitioner's reliance on his attorney's advice did not render his plea involuntary. *See McMann v. Richardson*, 397 U.S. 759, 774, 90 S.Ct. 1441, 1450, 25 L.Ed.2d 763 (1970) ("Although [the defendant] might have pleaded differently had later decided cases then been the law, he is bound by his plea and

his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act."); *United States ex rel. Monahan v. McMann,* 432 F.2d 778, 779 (2d Cir.1970) (guilty plea made on advice of counsel under fear of prosecution's use of prior conviction is subject to collateral attack only if failure to raise claim in state court that prior conviction was void was due to ineffective assistance of counsel).

Neither did the prosecution act improperly. In general, a guilty plea is not rendered involuntary by the fact that the defendant entered it to avoid the consequences of the prosecution's use of a prior conviction. *See Holscher v. Wood,* 632 F.2d 710, 711 (8th Cir.1980). Therefore, since petitioner's 1971 conviction was not void or voidable in 1973, the prosecution did not act wrongfully in using that conviction as a bargaining tool.

Finally, if petitioner had not pleaded guilty but had gone to trial on the 1973 charges and been convicted, and the prosecution had used his 1971 conviction to impeach his credibility or enhance his sentence, this court would have set aside the 1973 conviction as unconstitutional, pursuant to *Rutledge v. Sunderland,* 671 F.2d 377 (10th Cir.1982).

In *Rutledge,* this court held that the prosecution's use of the defendant's 1971 conviction, which was subsequently held to be invalid under *Lamb,* to impeach the defendant and enhance his punishment under the Oklahoma recidivist statute rendered his recidivist conviction and sentence invalid. *Id.* at 381. "We are convinced ... that at least where the unconstitutional former convictions are used as the foundation for a recidivist conviction, a defendant such as Rutledge wrongly 'suffers anew' from the equal protection violation." *Id.* at 382 (citation omitted).

However, a conviction based on a guilty plea differs from a conviction based on a guilty verdict in two important respects. First, "[c]entral to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment." *Brady,* 397 U.S. at 748, 90 S.Ct. at 1468. Thus, in distinguishing between a conviction which is invalid because obtained after a trial in which the defendant's coerced confession is introduced into evidence and a conviction which is valid although obtained after the defendant pleads guilty to avoid the prosecution's use of a coerced confession, the Supreme Court said:

> A conviction after trial in which a coerced confession is introduced rests in part on the coerced confession, a constitutionally unacceptable basis for conviction. It is that conviction and the confession on which it rests that the defendant later attacks in collateral proceedings. The defendant who pleads guilty is in a different posture. He is convicted on his counseled admission in open court that he committed the crime charged against him. The prior confession is not the basis for the judgment, has never been offered in evidence at a trial, and may never be offered in evidence.

*McMann,* 397 U.S. at 773, 90 S.Ct. at 1450.

Second, when a defendant pleads guilty, he makes a decision based on a calculated risk that the consequences that will flow from entering the guilty plea will be more favorable than those that would flow from going to trial. This inherent uncertainty does not make the plea involuntary. *See Johnson v. United States,* 539 F.2d 1241, 1243 (9th Cir.1976), *cert. denied,* 431 U.S. 918, 97 S.Ct. 2182, 53 L.Ed.2d 228 (1977).

One of the risks a defendant assumes when he pleads guilty is that the consequences he seeks to avoid will not be later nullified by a change in the law. In *Brady,* the Supreme Court upheld the guilty plea of a defendant who wanted to avoid the possible imposition of the death penalty, which the Court later held could not be applied under like circumstances. 397 U.S. at 751, 756, 90 S.Ct. at 1470, 1473. The fact that the possible imposition of the death penalty constituted a "but for" cause of the plea did not render the plea involuntary. *Id.* at 750, 90 S.Ct. at 1470. Likewise, the plea was not entered unintelli-

gently just because it was based on counsel's advice that the defendant could receive the death penalty, even though a later change in the law rendered the advice inaccurate. *Id.* at 756, 90 S.Ct. at 1470. *See also McMann*, 397 U.S. at 774, 90 S.Ct. at 1450 ("It is no denigration of the right to trial to hold that when the defendant waives his state court remedies and admits his guilt, he does so under the law then existing; further, he assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts.").

The state court's docket sheet reflects that petitioner pleaded guilty to the amended charge, *i.e.*, to Burglary II rather than Burglary II AFCF (after conviction of a felony). Furthermore, the record shows that page two of the information, concerning petitioner's prior conviction in 1971, was deleted, and that petitioner's sentence was not enhanced by that prior conviction. Therefore, the prior conviction was not used to impeach petitioner's credibility or enhance his punishment, and the fact that it was used in the plea bargaining does not affect the validity of his plea. *See Morse v. Texas*, 691 F.2d 770, 773 (5th Cir.1982).

In addition, when petitioner chose to plead guilty while believing himself to be innocent, he took a calculated risk that he would fare better by pleading guilty than by going to trial. The fact that his assessment of the risk was based on a faulty premise, that his 1971 conviction would continue to be valid, did not render his plea either involuntary or unintelligent. *See Brady*, 397 U.S. at 756–57, 90 S.Ct. at 1473–74. Therefore, the district court correctly denied petitioner's request for habeas relief.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.