976 F.2d 740
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John VICTORIAN, Petitioner-Appellant,
v.
STATE OF NEW MEXICO; Department of Corrections; New Mexico
Parole Board; Dareld L. Kerby, Respondents-Appellees.
 No. 92-2021.
 United States Court of Appeals, Tenth Circuit.
 Sept. 21, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals from an Order of the district court adopting the magistrate judge's Proposed Findings and Recommended Disposition. The magistrate judge recommended that Petitioner's habeas corpus petition be denied with prejudice.
 
 
 3
 In 1971, Petitioner was convicted in New Mexico of two counts of first degree murder and sentenced to two concurrent sentences of life imprisonment. On September 22, 1977, Petitioner was paroled. His parole was revoked four years and six months later for a felony conviction. Petitioner was paroled a second time on August 13, 1982, with parole to continue until the expiration of his sentence. On November 17, 1988, Petitioner's parole was revoked for violating two conditions of his parole. Petitioner began parole a third time on January 23, 1992.
 
 
 4
 Petitioner filed a petition for habeas corpus relief in the district court raising the following issues:
 
 
 5
 I. Whether the State of New Mexico violated petitioner's right to due process when it exceeded its authority by revoking petitioner's [second] parole ... after petitioner's term of parole had expired on August 13, 1987.
 
 
 6
 II. Whether the New Mexico Parole Board violated petitioner's right to due process when it exceeded its statutory authority by placing him on parole indefinitely.
 
 
 7
 Rec., vol. I, doc. 19, at 1. Respondents, in addition to addressing the merits of the petition, asserted that Petitioner had not exhausted state court remedies. The magistrate judge recommended dismissal of the petition on the merits, after determining "resolution of the exhaustion issue would be superfluous." Id., doc. 23, at 3.
 
 
 8
 Petitioner appealed, raising the same issues he raised in the district court. We do not reach the merits of this appeal, because we conclude the district court abused its discretion by not dismissing the petition without prejudice and requiring Petitioner to exhaust his state remedies.
 
 
 9
 In Granberry v. Greer, 481 U.S. 129, 131-34 (1987), the Supreme Court determined that lower courts may exercise discretion in habeas corpus cases to decide whether justice and the interests of comity and federalism would best be served by requiring exhaustion before reviewing the merits or by immediately addressing the merits of the habeas petition.
 
 
 10
 If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition, and the court of appeals affirms the judgment of the district court forthwith.
 
 
 11
 Id. at 134-35; see Miranda v. Cooper, 967 F.2d 392, 400 (10th Cir.1992); Bailey v. Cowley, 914 F.2d 1438, 1439 n. 1 (10th Cir.1990).
 
 
 12
 In this case, Petitioner presents an unresolved question of state law which has an important bearing on this case. As Petitioner indicates, the New Mexico state courts have not had the opportunity to address the determinate sentencing statutes under the circumstances of this case. New Mexico courts are better equipped than the federal courts to consider such issues concerning New Mexico law. Thus, interests of comity and judicial efficiency make it appropriate for federal courts to require exhaustion in this case.
 
 
 13
 Accordingly, we conclude the district court abused its discretion by failing to require exhaustion. The judgment of the United States District Court for the District of New Mexico is VACATED, and the action is REMANDED with instructions to dismiss the petition without prejudice for failure to exhaust state court remedies. Petitioner's request for a certificate of probable cause is GRANTED. See Fed.R.App.P. 22(b) (notice of appeal construed as request).
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3