996 F.2d 310
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bryce FINLEY, Petitioner-Appellant,
v.
Dareld L. KERBY; New Mexico Attorney General, Respondents-Appellees.
 No. 92-2150.
 United States Court of Appeals, Tenth Circuit.
 June 25, 1993.
 
 Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.
 ORDER AND JUDGMENT**
 DAVID L. RUSSELL, District Judge.
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Petitioner appeals from an order of the district court dismissing petitioner's action for habeas corpus relief pursuant to 28 U.S.C. § 2254. In his petition, petitioner alleged, inter alia, that 1) the prosecution failed to disclose evidence that would have aided petitioner's defense; 2) the victim perjured herself at trial; and 3) his trial counsel was ineffective. The district court, adopting the magistrate judge's proposed findings and recommended disposition, dismissed the first two claims on the ground of procedural default and the third claim on the merits.
 Petitioner argues that the district court erred in dismissing the first two claims on the ground of procedural default. Because neither of the two claims was raised in state court at any time, the district court determined the claims were procedurally defaulted.[1]
 As the district court recognized, the first two claims have not been presented to the New Mexico courts. These claims, therefore, may be unexhausted. Cf. Castille v. Peoples, 489 U.S. 346, 349-51 (1989) (exhaustion required unless claims are procedurally barred). The claims were raised in petitioner's first federal habeas corpus petition, which was dismissed without prejudice to allow petitioner to exhaust state court remedies. Upon returning to state court, he raised only a claim of ineffective assistance of counsel. Thus, petitioner apparently chose not to present these two claims to the state courts. Because these claims were not presented to the New Mexico courts, they likely would be procedurally barred if they were now presented to the state courts. We do not address the complexities of the exhaustion and procedural bar issues, however, because the claims are wholly without merit. Cf. Granberry v. Greer, 481 U.S. 129, 131, 135 (1987) (failure to exhaust does not preclude consideration of merits when no colorable federal claim is raised); Cain v. Redman, 947 F.2d 817, 820 (6th Cir.1991) (unresolved issues of exhaustion and procedural default need not be addressed when federal constitutional claim is meritless), cert. denied, 112 S.Ct. 1299 (1992); Brown v. Armontrout, 898 F.2d 84, 86-87 (8th Cir.), cert. denied, 498 U.S. 868 (1990) (no consideration of exhaustion because claims alleged were clearly without merit and interests of justice would not be served by remand).
 
 
 1
 Petitioner argues the prosecution withheld exculpatory evidence that would have aided his defense. The exculpatory evidence allegedly withheld by the prosecution is that Tony Matthews, a friend of the victim, knew of petitioner's innocence. According to the record on appeal, petitioner's trial counsel knew that Tony Matthews potentially had information useful to petitioner's case. Additionally, in a motion to sever and dismiss counts, trial counsel acknowledged the government had an open file policy and the prosecution had supplied petitioner with all statements, records, and reports in the case. Thus, the prosecution did not fail to disclose exculpatory evidence.
 
 
 2
 Petitioner's argument that the victim presented perjured testimony is likewise without merit. Petitioner alleged the victim was supplied by the prosecution with the testimony she gave in court and practiced her testimony before trial. Petitioner also maintains the prosecution knew the victim's claims were false due to the inconsistencies of the claims. Inconsistencies in her testimony alone do not constitute perjury and do not create an inference the prosecution knowingly presented perjured testimony. See Tapia v. Tansy, 926 F.2d 1554, 1563 (10th Cir.), cert. denied, 112 S.Ct. 115 (1991). Practicing her testimony did not make the victim's testimony perjured. Petitioner presented no proof that the victim actually perjured herself.
 
 
 3
 Petitioner's third argument on appeal is that the district court erred in determining on the merits that his trial counsel was not ineffective. Petitioner maintains counsel was ineffective because he failed to call various witnesses and because counsel and the trial judge argued in the jury's presence throughout the trial. The district court determined that it was a tactical decision by trial counsel not to call family members or a family friend to testify and that the failure to call the school coach was due to his inability to testify concerning similar conduct of the victim. Also, the district court concluded trial counsel's alleged arguments with the state trial judge did not constitute conduct violating petitioner's Sixth Amendment right to effective assistance of counsel.
 
 
 4
 We review a claim of ineffective assistance of counsel de novo. Bailey v. Cowley, 914 F.2d 1438, 1440 (10th Cir.1990). To establish ineffective assistance of counsel, a petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993).
 
 
 5
 We agree with the district court that counsel's decision not to call certain witnesses may have been a tactical decision, see, e.g., Parks v. Brown, 840 F.2d 1496, 1509 (10th Cir.1987), rev'd on reh'g on other grounds, 860 F.2d 1545 (10th Cir.1988), rev'd on other grounds, 494 U.S. 484 (1990), as a counsel's actions are usually based on strategic choices, see Strickland, 466 U.S. at 691. We need not, however, determine whether counsel's performance was deficient before examining prejudice. Id. at 697. Petitioner has failed to show that there is a reasonable probability that but for counsel's failure to call the witnesses the result of the trial would have been different. See id. at 694.
 
 
 6
 In addition, we conclude petitioner's unsupported contention that his trial counsel argued with the judge does not prove petitioner's Sixth Amendment right to effective assistance of counsel was denied.
 
 
 7
 Petitioner suggests that the district court's denial of his request for appointment of counsel was error due to his illiteracy. There is no constitutional right to appointment of counsel in a federal habeas corpus proceeding. Cf. Coleman v. Thompson, 111 S.Ct. 2546, 2566 (1991) (no constitutional right to attorney in state post-conviction proceedings). Rather, the district court has discretion to appoint counsel on habeas. Terrovona v. Kincheloe, 852 F.2d 424, 429 (9th Cir.1988). We conclude the district court did not abuse its discretion in failing to appoint counsel.
 
 
 8
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Finding no state procedures available, the district court also determined petitioner's claims were exhausted