57 F.3d 1081
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Alan PHILLIPS, Petitioner-Appellant,
v.
Scott CARVER, Warden, South Point, Respondent-Appellee.
 No. 94-4165.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1995.
 
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 HENRY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner seeks habeas relief pursuant to 28 U.S.C. 2254. He claims that his guilty plea was not knowing and voluntary and, also in connection with his plea, claims ineffective assistance of counsel. Petitioner further claims that there was insufficient evidence to support his plea of guilty to intentional murder. A magistrate judge considered petitioner's claims and recommended that his habeas petition be denied. The district court also considered petitioner's claims and denied habeas relief. We have reviewed the district court decision de novo, and we affirm. See Kell v. United States Parole Comm'n, 26 F.3d 1016, 1019 (10th Cir.1994).
 
 
 3
 "Once a defendant has pled guilty, the only non-jurisdictional avenue for challenging his conviction is to claim that his plea was not knowing and voluntary. Performance by defense counsel that is constitutionally inadequate can render a plea involuntary." Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir.1995) (citations omitted), petition for cert. filed, (U.S. May 1, 1995)(No. 94-9147-CFH). We measure counsel's performance by the test set out in Strickland v. Washington, 466 U.S. 668 (1984). Before we conclude that a defendant's Sixth Amendment right to effective assistance of counsel has been violated, it must be determined that the attorney's performance fell below an objective standard of reasonableness and that defendant was prejudiced by counsel's deficiencies. See id. at 687-88. Because defendant pled guilty, he can satisfy the prejudice prong only by showing " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Romero, 46 F.3d at 1033 (quoting Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir.1989)). We agree with the district court that there is no indication in the record that counsels' performance fell below an objective standard of reasonableness, and neither does the record show that, but for counsels' deficiencies, defendant would have insisted on going to trial.
 
 
 4
 We are also satisfied that defendant's guilty plea was knowing and voluntary. This is a question of federal law, Osborn v. Shillinger, 997 F.2d 1324, 1327 (10th Cir.1993), and requires that defendant was neither aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel ...' " and that the plea was made free of coercion or threats, Bailey v. Cowley, 914 F.2d 1438, 1440 (10th Cir.1990) (quoting Brady v. United States, 397 U.S. 742, 755 (1970)) (further quotation omitted). "[A] defendant's statements on the record, 'as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.' " Romero, 46 F.3d at 1033 (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).
 
 
 5
 The transcript of the plea colloquy, considered in its entirety, and the affidavit signed by defendant in connection with his guilty plea both indicate the knowing and voluntary nature of defendant's guilty plea. Defendant's claims to the contrary do not vault him over the formidable barrier created by those two items of record.
 
 
 6
 The judgment of the United States District Court for the District of Utah is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470