# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 18-40999
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2019

Lyle W. Cayce
Clerk

MICHAEL LARA SALAS,

Petitioner-Appellant

v.

N. VAZQUEZ, Warden, Federal Correctional Institute Beaumont,

Respondent-Appellee

————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:18-CV-276

————————————————

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Michael Lara Salas, federal prisoner # 56427-080, appeals the dismissal of his federal habeas corpus petition under 28 U.S.C. § 2241. We review the district court's legal conclusions de novo and its factual findings for clear error. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). Because Salas filed his petition under § 2241, he does not need a COA to appeal its dismissal. *See id.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40999

The district court dismissed the petition as not being properly brought under § 2241. Salas correctly notes that, under *Burrage v. United States*, 571 U.S. 204, 218-19 (2014), he was allowed to file a § 2241 petition rather than a § 2255 motion. *See* § 2255(e); *Santillana v. Upton*, 846 F.3d 779, 783-84 (5th Cir. 2017). But we may affirm the dismissal of the § 2241 petition on any ground supported by the record. *See Hunter v. Tamez*, 622 F.3d 427, 430 (5th Cir. 2010).

*Burrage* ultimately provides Salas no relief. In *Burrage*, the Supreme Court held that a defendant cannot be subject to a life sentence under 21 U.S.C. § 841(b)(1)(C) unless the use of drugs provided by the defendant "is a but-for cause of the death or injury." *Burrage*, 571 U.S. at 218-19 (emphasis added); *see Santillana*, 846 F.3d at 783-84. *Burrage* thus made it more difficult for the Government to prove that drugs provided by a defendant caused a user's death. *See Santillana*, 846 F.3d at 783-84. In *Santillana*, we held that the Government's inability to prove "but for" causation under *Burrage* meant that the defendant had "satisfied her burden to show that she was potentially convicted of a nonexistent offense." *Id.* at 785.

But Salas was not sentenced to life under § 841(b)(1)(C); he was sentenced to 288 months in prison pursuant to a written plea agreement. Salas contends only that his plea is invalid because he pleaded guilty due to the *threat* of a life sentence under § 841(b)(1)(C), which threat proved to be illusory because it did not account for the increased burden of proof imposed by *Burrage*. Salas also asserts that, in light of *Burrage*, his counsel was ineffective for advising him to plead guilty.

Salas's otherwise voluntary and valid plea "cannot subsequently be invalidated on contentions that it was made through subjective fear of receiving a heavier penalty if convicted after trial, or because, in the light of

hindsight, competent counsel failed to anticipate a change in the law that would have enhanced his bargaining position." *Morse v. Texas*, 691 F.2d 770, 773 (5th Cir. 1982); *see also Brady v. United States*, 397 U.S. 742, 757 (1970) (holding that "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise"). Further, Salas's plea counsel in 2010 did not have the benefit of the 2014 *Burrage* decision and was not required to anticipate developments in the law. *See Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981); *Cooks v. United States*, 461 F.2d 530, 532 (5th Cir. 1972) ("Clairvoyance is not a required attribute of effective representation."). *Burrage* does not establish that Salas was "imprisoned for conduct that was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903. The judgment is AFFIRMED.