# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2021

Lyle W. Cayce
Clerk

No. 20-10441
Summary Calendar

Blanca Estella Cantu,

*Petitioner—Appellant*,

*versus*

Michael Carr, *Warden*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-67

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Blanca Estella Cantu, federal prisoner # 14220-078, was convicted of conspiracy to possess with intent to distribute heroin, resulting in serious bodily injury from the use of the heroin, in violation of 21 U.S.C. § 846. She appeals the district court's denial of her 28 U.S.C. § 2241 petition, arguing

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

that she is entitled to relief under *Burrage v. United States*, 571 U.S. 204 (2014). We review the district court's legal conclusions de novo and its factual findings for clear error. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

The primary vehicle for collateral attacks on a federal conviction or sentence is 28 U.S.C. § 2255. *See Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001). However, under the savings clause of § 2255(e), a federal prisoner may assert a collateral challenge in a § 2241 petition if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* at 901 (quoting 28 U.S.C. § 2255(e)). It is the prisoner's burden to demonstrate the inadequacy of § 2255, and that burden "is a stringent one." *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003). A prisoner shows the § 2255 remedy is inadequate or ineffective if "(1) the petition raises a claim 'that is based on a retroactively applicable Supreme Court decision'; (2) the claim was previously 'foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal, or first § 2255 motion'; and (3) that retroactively applicable decision establishes that 'the petitioner may have been convicted of a nonexistent offense.'" *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (quoting *Reyes-Requena*, 243 F.3d at 904).

Cantu fails to satisfy the third prong of this test. As *Burrage* explained, its holding reflects the "ordinary meaning" of the phrase "results from" in 21 U.S.C. § 841(b)(1)(C). *Burrage*, 571 U.S. at 210. Cantu has not shown, and the record does not suggest, that this phrase was used and understood in her case in any but its ordinary, *Burrage*-approved sense. As for the argument that her plea agreement and guilty plea are now void because she would have assessed the risks of going to trial differently in view of *Burrage*, the district court was correct that it is unavailing. *See Brady v. United States*, 397 U.S. 742, 757 (1970); *Morse v. Texas*, 691 F.2d 770, 773 (5th Cir. 1982) ("A formal

No. 20-10441

admission of guilt by a plea of guilty, if voluntarily made and with the effective assistance of counsel, cannot subsequently be invalidated on contentions that it was made through subjective fear of receiving a heavier penalty if convicted after trial . . . .”).  Because Cantu has not met the requirements of the savings clause, the district court's judgment is AFFIRMED.