**Peter Ray LAYCOCK, Petitioner–Appellant,**

v.

**STATE OF NEW MEXICO, et al. Respondents–Appellees.**

No. 88–1855.

United States Court of Appeals, Tenth Circuit.

July 26, 1989.

Stephen P. McCue, Asst. Federal Public Defender, Albuquerque, N.M., for petitioner-appellant.

Gail MacQuesten, Asst. Atty. Gen., Santa Fe, N.M., for respondents-appellees.

Before LOGAN, WRIGHT,** and MOORE, Circuit Judges.

EUGENE A. WRIGHT, Senior Circuit Judge.

Peter Ray Laycock appeals the district court's denial of his petition for habeas corpus relief. He claims that he entered an involuntary guilty plea, his counsel rendered ineffective assistance, his sentence exceeded the statutory maximum, and he received an inadequate sentencing hearing. We affirm the judgment.

BACKGROUND

In March 1983, the police arrested Laycock for armed robbery of a New Mexico convenience store. He admitted robbing it and shooting at a customer. The appointed public defender negotiated a plea agreement with the prosecutor. Laycock agreed to plead guilty to Count I of the information, armed robbery with a firearm enhancement, and the state agreed to dismiss Count II, assault with intent to commit a violent felony with a firearm enhancement. Laycock and his counsel discussed the possibility of his acceptance into the Delancey Street Drug Rehabilitation Center. The written plea agreement did not include this or any other sentencing provision.

The court sentenced Laycock to nine years for armed robbery, one year for firearm enhancement and two years of parole. He filed a petition for post-conviction relief which the court denied. After the Supreme Court of New Mexico denied his petition for a writ of habeas corpus, he filed a second petition in the Federal District Court of New Mexico. The magistrate there found that he had exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Osborn v. Shillinger,* 861 F.2d 612, 613 (10th Cir.1988).

ANALYSIS

I. Voluntary Plea

■ Laycock alleges that his plea was involuntary. He claims that his attorney materially misrepresented the plea bargain by promising him a suspended sentence if Delancey Street accepted him into its drug treatment program.[1] He does not contend that the prosecutor misrepresented the plea.

Whether a plea is voluntary is a question of federal law subject to de novo review. *Marshall v. Lonberger,* 459 U.S. 422, 431, 103 S.Ct. 843, 849, 74 L.Ed.2d 646 (1983); *Oppel v. Meachum,* 851 F.2d 34, 37 (2d Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 266, 102 L.Ed.2d 254 (1988). We accept the magistrate's findings of fact unless they are clearly erroneous. *Marshall,* 459 U.S. at 432, 103 S.Ct. at 849–50.

A plea may not be voluntary when an attorney materially misinforms the defendant of the consequences of the plea or the court's probable disposition. *Blackledge v. Allison,* 431 U.S. 63,75 n. 8, 97 S.Ct. 1621, 1630 n. 8, 52 L.Ed.2d 136 (1977); *Worthen v. Meachum,* 842 F.2d 1179, 1182 (10th Cir.1988); *Bonvillain v. Blackburn,* 780 F.2d 1248, 1250 (5th Cir.), *cert. denied,* 476 U.S. 1143, 106 S.Ct. 2253, 90 L.Ed.2d 699 (1986). An erroneous sentence estimate does not render a plea involuntary, but an attorney's unfair representation of probable leniency may be found coercive. *United States v. Estrada,* 849 F.2d 1304, 1306 (10th Cir.1988) (citing *Wellnitz v. Page,* 420 F.2d 935, 936 (10th Cir.1970)). A petitioner's understanding that he will serve less that his full sentence is neither a promise nor a plea bargain. *Bonvillain,* 780 F.2d at 1252.

Laycock must prove that his attorney materially misrepresented the consequences of the plea. The facts and circumstances support the district court's conclusion that counsel did not materially misrepresent the plea. Delancey Street was not mentioned in the written plea agreement, which Laycock signed following an explanation by the state judge. The judge asked Laycock specifically if other promises had been made and he replied "no." Solemn

---

** Honorable Eugene A. Wright, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. He acknowledged that he would first serve a one year mandatory sentence for firearm enhancement, but expected to receive a six month credit for time already served.

declarations in open court carry a strong presumption of verity." *Estrada,* 849 F.2d at 1306 (citing *Blackledge,* 431 U.S. at 74, 97 S.Ct. at 1629). None of the participants mentioned Delancey Street at the plea or sentencing hearing. Laycock did not include it in his petition for post conviction relief. Finally, in his state court habeas petition, Laycock alleged his plea was involuntary because the judge failed to inform him of the mandatory parole term. He now alleges misrepresentation for the first time. Laycock has not established that his attorney misrepresented the plea agreement.

## II. Ineffective Assistance of Counsel

Laycock argues that five of his counsel's tactical decisions resulted in ineffective assistance. We review de novo the determination of whether an attorney's performance was so deficient that it violated a defendant's right to effective assistance. *Strickland v. Washington,* 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984); *Hopkinson v. Shillinger,* 866 F.2d 1185, 1204 (10th Cir.1989).

To prove ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Hopkinson,* 866 F.2d at 1204. Although proposed in the capital sentence context, the Supreme Court has extended this test to guilty plea challenges based on ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

In this context, the first prong of this test would be satisfied if Laycock proves that counsel's "advice was not within the wide range of competence demanded of attorneys in criminal cases." *See Hill,* 474 U.S. at 56, 106 S.Ct. at 369 (citing *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). The proper standard for measuring attorney performance is reasonably effective assistance. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. The second prong is met if Laycock shows that there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *See Hill,* 474 U.S. at 59, 106 S.Ct. at 370–71. The defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

■ First, Laycock contends that his attorney's advice to accept the plea bargain constituted ineffective assistance. The advice was well within the range of competence demanded of counsel in criminal cases. The client admitted both the robbery and the shooting, was identified by witnesses, and had a prior history of criminal activity. The claim fails the first element of the *Strickland* test.

■ Second, Laycock claims that although he told counsel that he was intoxicated at the time of the offense, his attorney did not consider the possibility of the intoxication defense. He has not shown that he supplied counsel with facts necessary to raise such a defense or that counsel was unreasonable in deciding to recommend a plea agreement instead. This claim also fails the first prong of the *Strickland* test.

■ Third, Laycock complains that counsel failed to inform him of the possibility that his offenses might merge for sentencing purposes. He says that this could shorten his sentence and reduce the benefit of the plea bargain to one year. He has not shown that counsel had a duty to inform him of this possibility, nor that knowledge of it would have caused him to reject the plea agreement. This claim fails both prongs of the *Strickland* test.

■ Fourth, Laycock claims that counsel's assistance was ineffective because he filed no motions. But he suggests nothing to demonstrate that motions were necessary or appropriate. This claim fails.

■ Finally, Laycock contends that failure to advise him of his right to appeal after his guilty plea resulted in ineffective assistance. An attorney has no absolute

duty in every case to advise a defendant of his limited right to appeal after a guilty plea. *Marrow v. United States,* 772 F.2d 525, 527 (9th Cir.1985); *Carey v. Leverette,* 605 F.2d 745, 746 (4th Cir.) (per curiam), *cert. denied,* 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed.2d 411 (1979); *cf. Barber v. United States,* 427 F.2d 70, 71 (10th Cir.1970); *Crow v. United States,* 397 F.2d 284, 285 (10th Cir.1968) (sentencing court has no duty to advise of right to appeal on guilty plea). Failure to notify the defendant of this limited right is not in itself ineffective assistance. *Marrow,* 772 F.2d at 527; *Carey,* 605 F.2d at 746.

■ Normally, when a defendant pleads guilty, he has foreclosed his right to appeal. *Marrow,* 772 F.2d at 529. If a claim of error is made on constitutional grounds, which could result in setting aside the plea, or if the defendant inquires about an appeal right, counsel has a duty to inform him. *Id.* at 528. Laycock signed this plea agreement indicating that he understood that it constituted a waiver of his right to appeal. There is no indication that counsel should have known of other grounds for appeal. The claim fails.

### III. Sentence Exceeds Statutory Maximum

■ Laycock contends erroneously that his sentence exceeded the statutory maximum. *Williams v. Illinois,* 399 U.S. 235, 240, 90 S.Ct. 2018, 2021–22, 26 L.Ed.2d 586 (1970). This claim is reviewed de novo. *United States v. Marco,* 868 F.2d 1121, 1123 (9th Cir.1989). Sections 30–16–2 N.M. S.A. (1978) and 31–18–15(A)(2) authorize a nine year sentence for armed robbery classified as a second degree felony. Laycock received nine years. Section 31–18–16 requires a one year enhancement for use of a firearm. He received one year. Sections 31–18–15(C) and 31–21–10(C) mandate a two year parole term. He received two years.

Laycock has not specified how his sentence violated the statutory maximum. He appears to argue that, because the parole term was imposed after the rest of the sentence, the sentence is unconstitutional.

Amending a sentence to conform to the statutory requirement is proper under New Mexico law. *State v. Acuna,* 103 N.M. 279, 280, 705 P.2d 685, 686 (App.1985). The sentence does not violate the statutory maximum.

### IV. Inadequate Sentencing Hearing

■ Laycock contends erroneously that his sentencing hearing was unconstitutional because the judge gave him only cursory consideration. The judge obtained and reviewed the predisposition summary before the hearing, and indicated at the hearing that he had discussed the report with counsel. The judge discussed its factual accuracy with Laycock, and made a correction in the time to be served. The judge asked Laycock if he had any additional information to present and listened to his comments. This claim has no merit.

AFFIRMED.