943 F.2d 58
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Charles BLACK, Defendant-Appellant.
 No. 91-1092.
 United States Court of Appeals, Tenth Circuit.
 Sept. 6, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant Ronald Black appeals from the district court order denying his motion to vacate brought pursuant to 28 U.S.C. § 2255. On appeal Black raises three issues. First, he contends that his sentence should be vacated because he was exempt from prosecution. Second, he argues that his conviction violated federal law. Finally, Black asserts that he was the subject of vindictive and selective prosecution. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 All of Black's claims--exemption from prosecution, prosecution in violation of federal law, and vindictive or selective prosecution--relate to whether he knowingly and voluntarily entered a plea of guilty. Because a knowing and voluntary plea "waives all nonjurisdictional defects and defenses occurring prior thereto," Barker v. United States, 579 F.2d 1219, 1225 (10th Cir.1978), we need only address whether Black's plea was knowing and voluntary and whether it was supported by a sufficient factual basis. We review de novo whether a defendant's plea was entered into knowingly and voluntarily. See Laycock v. New Mexico, 880 F.2d 1184, 1186 (10th Cir.1989). The district court's determination of whether there was a factual basis for the plea will not be overturned absent an abuse of discretion. See United States v. Keiswetter, 860 F.2d 992, 996 (10th Cir.1988).
 
 
 4
 In the instant case, the record conclusively demonstrates that Black entered his plea of guilty knowingly and voluntarily. When questioned by the district court, Black related that he understood the terms of the plea agreement and that his plea was not the result of coercion. Further, Black stated positively that "I have pled guilty because I am guilty of the crime." Thus, Black's responses demonstrate a clear understanding of the proceedings and a complete willingness to plead guilty.
 
 
 5
 The record also establishes that the district judge ascertained a clear factual basis for the guilty plea. At the hearing, Black admitted that the Prosecutor's Statement accurately described his conduct and that he was guilty of the crimes charged. Black also agreed that his actions amounted to fraud. The Prosecutor's Statement, combined with Black's admissions, support the district court's finding of a factual basis for Black's plea. Accordingly, we cannot say that the district court abused its discretion.
 
 
 6
 Because the record demonstrates that Black's guilty plea was entered into knowingly and voluntarily and also was supported by a sufficient factual basis, we AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3