977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jeffrey L. MARTIN, Petitioner-Appellant,
v.
Jack COWLEY, Warden, Respondent-Appellee.
 No. 92-6128.
 United States Court of Appeals, Tenth Circuit.
 Sept. 30, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This is an appeal from the district court's denial of habeas corpus relief.[1] In 1985, the Appellant plead guilty in Oklahoma state court to one count of first degree murder and two counts of burglary with firearms and was sentenced to three consecutive life sentences. Appellant raises four issues on appeal: (1) that the record does not support the factual findings of the trial court; (2) that he received ineffective assistance of counsel; (3) that his sentence was excessive; and (4) that he was not informed of the rights given up when he plead guilty.
 
 
 3
 Under the standard laid out in Coleman v. Thompson, when a state prisoner has defaulted his claims in state court for failure to follow legitimate procedural rules, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." 111 S.Ct. 2546, 2565 (1991). We agree with the district court that because of the appellant's failure to comply with the Oklahoma statutory requirements for appeal, and his failure to satisfy the Coleman standard, he is barred from relief.
 
 
 4
 Oklahoma Rule of Criminal Procedure 4.1 provides that, if a defendant wishes to withdraw a guilty plea, he must make a motion to that effect within ten days following judgment and sentence. Otherwise direct appeal is unavailable under Oklahoma law. The Appellant made no such motion following his guilty plea, nor did he seek to file a direct appeal. Rather, six years after judgment and sentence was entered he instituted this habeas action. A review of the record reveals that the Appellant's first, third, and fourth issues are insufficient to show cause for his procedural default in failing to pursue a direct appeal. The record establishes that the appellant was informed of the procedural requirements for appeal. Following the standard laid out in Coleman, we hold that federal habeas review of the appellant's first, third, and fourth claims is barred.
 
 
 5
 As regards the appellant's second claim, ineffective assistance of counsel is generally considered cause for failure to appeal. However, in cases where a guilty plea is the basis for judgment, special considerations apply. As this court noted in Laycock v. New Mexico, 880 F.2d 1184, 1188 (10th Cir.1989), counsel only has a duty to inform a defendant who has plead guilty about his right to appeal if the defendant asks about the right or if a claim of error is made on constitutional grounds that could result in setting aside the plea. This duty arises when counsel knows, or should have learned, of the claim or the facts underlying the claim. Hardiman v. Reynolds, 1992 U.S.App. LEXIS 16312 (10th Cir.1992).
 
 
 6
 Where a defendant is promised one sentence and he receives another or is not notified of the punishment range to which he will be exposed upon pleading guilty, the error is such that the defense counsel should inform the defendant of his right to appeal. Here, it is not clear that the Appellant contends that he was promised a particular sentence. Rather, in the Appellant's habeas petition he asserts that he was "lead to believe" that he would receive one life sentence and that he was "never informed" and was "not aware" that the sentence might run consecutively. Petition for Habeas Corpus at 6-6a, 8.
 
 
 7
 It is clear however, that the Appellant is claiming that he was not advised of the possibility of consecutive life sentences. Even if the Appellant received ineffective assistance of counsel because he was not advised of the possibility that he could receive consecutive life sentences, he did not suffer "actual prejudice" as required under Coleman. At the time his plea was entered, the record shows that the Appellant was informed that each of the three charges against him carried potential life sentences (Respondent's Exhibit B, at 5; Respondent's Exhibit D, at 17-18), that the sentence was wholly in the hands of the court and was not subject to any agreements (Respondent's Exhibit B, at 8-9), and that no promises had been made to him (Respondent's Exhibit B, at 14). At the time of sentencing, the record clearly establishes that the Appellant was informed that he was to serve three life sentences, that the sentences were to run consecutively, and that if he sought to withdraw his guilty plea, he had to make a motion to that effect within ten days to allow for appeal. Respondent's Exhibit D, at 22. Under these circumstances, the Appellant was aware of his sentence, the discrepancy between that sentence and any misapprehensions he may have had as a result of ineffective assistance of counsel, and the necessary procedures to motion to withdraw his plea and to effect an appeal. The record does not establish that he sought to withdraw his guilty plea or that he ever asked his attorney to file such a motion. Given these facts, we find that the Appellant was not prejudiced even if he had a misapprehension going into the sentencing proceeding as to whether he would receive consecutive or concurrent sentences. Accordingly, we AFFIRM the district court's denial of habeas corpus relief.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We believe that Martin's appeal is not frivolous and is pursued in good faith; therefore, we grant his motion for a certificate of probable cause