1 F.3d 1249
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth Wayne BALLARD, Petitioner-Appellant,
v.
Steven KAISER, Warden; Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 93-6136.
 United States Court of Appeals, Tenth Circuit.
 Aug. 3, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Kenneth Wayne Ballard appeals the district court's refusal to grant his habeas corpus petition. Because petitioner has made a substantial showing of the possible denial of an important federal right, we grant a certificate of probable cause to proceed on appeal. Barefoot v. Estelle, 463 U.S. 880, 893 (1983).
 
 
 3
 Petitioner first argues that he received constitutionally ineffective assistance of counsel when in 1984 he pleaded guilty to seven counts of robbery with firearms and one count of first degree murder. "To prove ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that this deficient performance prejudiced his defense." Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir.1989). When, as here, the defendant has entered a guilty plea,
 
 
 4
 the first prong of this test would be satisfied if [defendant] proves that counsel's advice was not within the wide range of competence demanded of attorneys in criminal cases. The proper standard for measuring attorney performance is reasonably effective assistance. The second prong is met if [defendant] shows that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.
 
 
 5
 Id. (quotation and citations omitted). Petitioner contends that his counsel's failure to discuss with him the possibility of obtaining a free appeal following his guilty plea constituted constitutionally ineffective assistance. We disagree. "An attorney has no absolute duty in every case to advise a defendant of this limited right to appeal after a guilty plea. Failure to notify the defendant of this limited right is not in itself ineffective assistance." Id. at 1187-88 (citations omitted). If the failure to discuss the possibility of appeal following a guilty plea does not constitute ineffective assistance, we cannot conclude that a failure to discuss the potential of a cost-free appeal does so. Petitioner's counsel rendered "reasonably effective assistance," and petitioner therefore fails the first prong of the constitutional ineffectiveness inquiry.
 
 
 6
 Petitioner next asserts that his guilty plea to the 1984 charges was involuntary. He alleges that his plea was improperly influenced by the prosecution's reliance on two earlier juvenile convictions, which he maintains are void. "A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge, no matter how peripheral such a plea might be to the normal focus of counsel's inquiry." Tollett v. Henderson, 411 U.S. 258, 267 (1973). However, even assuming for the sake of argument that the earlier convictions were defective and that petitioner's counsel should have investigated their validity, petitioner cannot demonstrate that they affected his 1984 plea or sentence in any way. The state alleged no special circumstances with respect to the first degree murder charge, so both the maximum and minimum sentence petitioner could have received was life in prison, and thus his earlier convictions could have had no effect on this charge. With respect to his robbery charges, five were charged as robbery with firearms after prior felony convictions, whereas two were not. The minimum sentence without the enhancement was five years; with the enhancement, it was twenty years. However, the maximum was life in prison on each count, and defendant agreed to seventy-five years on each, to run concurrently. Therefore, the earlier convictions had no effect on petitioner's 1984 plea or sentence.
 
 
 7
 With respect to the plea itself, the transcript of the plea proceeding reveals that petitioner knowingly waived his rights to a jury trial and to confront adverse witnesses and understood the consequences of his plea. "[W]hen a defendant pleads guilty, he makes a decision based on a calculated risk that the consequences that will flow from entering the guilty plea will be more favorable than those that would flow from going to trial. This inherent uncertainty does not make the plea involuntary." Bailey v. Cowley, 914 F.2d 1438, 1441 (10th Cir.1990).
 
 
 8
 AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3