61 F.3d 917
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Anthony WATSON, Defendant-Appellant.
 No. 94-6419
 United States Court of Appeals, Tenth Circuit.
 July 28, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant Paul Anthony Watson appeals the district court's order denying his motion to vacate his sentence pursuant to 28 U.S.C. 2255. Our jurisdiction arises under 28 U.S.C. 1291 and we affirm.
 
 
 3
 Mr. Watson pled guilty to one count of conspiring to possess with the intent to distribute cocaine, in violation of 21 U.S.C. 846. The indictment charged Mr. Watson and others were involved in this drug conspiracy "[f]rom on or about January 1, 1988 ... until on or about April 30, 1990." On November 14, 1990, the sentencing court relied on this conviction and Mr. Watson's two prior controlled substance convictions in sentencing Mr. Watson as a career offender pursuant to USSG 4B1.1. Accordingly, with a base offense level of 32 and a level VI criminal history category, Mr. Watson's guideline range was 210-262 months, and he received a sentence of 210 months.
 
 
 4
 Mr. Watson appealed to this court, asserting that the career offender guidelines were not intended to apply where the "defendant's prior crimes were not particularly serious" and claiming the district court erred in refusing to grant an offense level reduction for his role in the conspiracy. Both claims were rejected. See United States v. Watson (No. 90-6385, Order and Judgment filed 11/1/91, 10th Cir.1991).
 
 
 5
 Mr. Watson then filed the present motion, under 2255, claiming he received ineffective assistance of counsel in regards to his plea, asserting he was never advised of the potential application of the career offender provisions prior to pleading guilty. He also asserted a claim that he did not qualify for career offender treatment because his present conviction for conspiracy does not qualify as a "controlled substance offense" under the career offender guidelines.[2]
 
 
 6
 The district court concluded Mr. Watson had not been denied effective assistance during the plea process, relying on Hill v. Lockhart, 474 U.S. 52 (1985) and Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir.1989). The court found Mr. Watson's counsel had discussed the plea agreement with him and explained its ramifications, which included the possibility that he might receive a greatly enhanced sentence based on his prior criminal record. On the career offender issue, the district court concluded that issue was already decided adversely to Mr. Watson on direct appeal, and therefore, the court did not have to entertain the issue again in a collateral proceeding.
 
 
 7
 We review the district court's determinations of ineffective assistance of counsel during the plea process de novo. See Laycock, 880 F.2d at 1187. In Hill, the Supreme Court extended the two-pronged test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), for reviewing claims of ineffective assistance of counsel at trial to claims of ineffective assistance of counsel during the plea process. See Hill, 474 U.S. at 57. To prevail, the defendant must demonstrate deficient performance by counsel during the plea process and prejudice (i.e., "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") Id. at 59; Laycock, 880 F.2d at 1187.
 
 
 8
 We fully agree with the district court's conclusion that the plea agreement, and specifically question 31, expressly advised Mr. Watson of the potential for an enhanced sentence under the career offender provisions depending on his criminal record. Moreover, Mr. Watson checked the box in question 31 marked "Yes," signalling he read and understood the possible sentencing ramifications of his plea arrangement. Under these circumstances, we find he has failed to carry his burden under both of the prongs required by Hill.
 
 
 9
 With respect to the career offender issue, the district court concluded this issue had previously been raised and decided on direct appeal, and therefore, Mr. Watson's re-assertion of the same issue in a 2255 motion constituted a successive motion. Because Mr. Watson had not shown that "the ends of justice" required a redetermination of this issue, the court did not consider this claim on the merits. We agree with the district court's ultimate conclusion not to consider the merits of this claim, although our reasoning differs slightly.
 
 
 10
 The district court reasoned that because Mr. Watson raised this claim on direct appeal, his decision to reassert this claim in this 2255 motion constituted a "successive" motion under Rule 9(b). We do not agree with this characterization. The career offender issue raised on direct appeal was whether those provisions were intended to apply when the predicate offenses were not particularly serious. See Watson I, at 1. The career offender issue raised in this 2255 motion is whether Mr. Watson's conviction for conspiracy constitutes a "controlled substance offense" under the career offender provisions. So viewed, it is clear that this claim was not raised in Mr. Watson's direct appeal.
 
 
 11
 Thus, while Mr. Watson's failure to raise this precise issue on direct appeal means it is not technically a "successive" motion, this fact merely gets Mr. Watson out of the proverbial frying pan and into the fire. His failure to raise this claim on direct appeal, when that claim was available to him, constitutes a procedural bar to 2255 review under United States v. Frady, 456 U.S. 152 (1982). Mr. Watson has not shown that either of the two exceptions to the Frady bar are applicable, and therefore, we find this claim procedurally barred.
 
 
 12
 Accordingly, the district court's order denying Mr. Watson's motion to vacate his sentence pursuant to 2255 is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Section 4B1.1 of the Guidelines states a defendant is to be considered a career offender only when three preconditions are met: "(1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG 4B1.1