UNITED STATES COURT OF APPEALS

**Filed 5/17/96**

FOR THE TENTH CIRCUIT

DAVID CARTER,

   Petitioner-Appellant,

v.

JOHN THOMAS; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

   Respondents-Appellees.

No. 95-2168
(D.C. No. CIV-93-1078-JP)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

   After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.

---

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]  Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner appeals from the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner continues to contend on appeal that (1) he was denied his right to effective assistance of counsel when neither of his two court appointed attorneys conducted an adequate investigation of his criminal charges and (2) his guilty plea was coerced and involuntary in violation of his right to effective assistance of counsel. We affirm.

Petitioner was convicted, after pleading guilty, to distribution of cocaine. He was sentenced to nine years of imprisonment, the maximum prison term allowable. Pursuant to the plea agreement, charges for distribution of cocaine pending in Colorado were dismissed on the condition that he pay $700 restitution to the State of Colorado within three years of the plea. Petitioner filed a petition for writ of habeas corpus in state district court. The state district court denied relief, and the New Mexico Supreme Court denied petitioner's petition for a writ of certiorari. Thereafter, petitioner filed for habeas corpus relief in the district court. After holding an evidentiary hearing at which petitioner and his two attorneys testified, the magistrate judge recommended that the petition be dismissed. The district court adopted the magistrate judge's recommendation.

We review a district court's legal conclusions in dismissing a petition for writ of habeas corpus de novo. Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir. 1993). "[M]ixed

2

questions of law and fact [also] are reviewed de novo, although findings of fact underlying mixed questions are accorded the presumption of correctness." Manlove v. Tansy, 981 F.2d 473, 476 (10th Cir. 1992).

Petitioner first argues that he was denied effective assistance of counsel because neither of his court appointed attorneys investigated the charges pending against him in New Mexico or Colorado. "A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo." Brewer v. Reynolds, 51 F.3d 1519, 1523 (10th Cir. 1995), cert. denied, 116 S. Ct. 936 (1996). When a petitioner alleges a claim of ineffective assistance of counsel, he must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to show deficient performance, the petitioner must prove that counsel's performance fell below an objective standard of reasonableness, considering all the circumstances. Id. at 687-88. Specifically, with regard to a claim of failure to investigate, the courts must determine, based on all the circumstances and giving deference to counsel's judgment, whether counsel fulfilled his duty to make reasonable investigations or to make a reasonable determination such investigations were unnecessary. Id. at 691. To satisfy the prejudice requirement, a petitioner must show there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

3

During the course of the New Mexico criminal case, petitioner was represented by two attorneys. At the evidentiary hearing, Mr. Titus, who first represented petitioner until petitioner expressed dissatisfaction with him, testified that he did not complete his investigation and further investigation was necessary before he could have advised petitioner on whether to plead guilty. Mr. Murphy, who replaced Mr. Titus, testified that he had read the police reports regarding the New Mexico charges and spoke with petitioner and an attorney representing a co-defendant. Because petitioner's version of the facts concerning the New Mexico charges was the same as that of the police, Mr. Murphy believed there was no need for further investigation unless he was going to trial. Because petitioner gave Mr. Murphy reason to believe that pursuing further investigation of the New Mexico charges would be fruitless, Mr. Murphy's failure to investigate was not unreasonable. See Strickland, 466 U.S. at 691; cf. United States v. Snyder, 787 F.2d 1429, 1433 (10th Cir.)(exercise of professional judgment not to interview witnesses and rely on other sources of information not ineffective assistance of counsel), cert. denied, 479 U.S. 836 (1986). Mr. Murphy admitted that he conducted no investigation of the Colorado charges other than to talk to petitioner. Although petitioner complains that there was no investigation of the Colorado charges, he fails to indicate what favorable evidence an investigation would have shown, or that further investigation would have led counsel to change his recommendation to petitioner to plead guilty, see Hill, 474 U.S. at 59.

4

Considering all the circumstances, counsel's decision not to investigate further was reasonable. See Strickland, 466 U.S. at 688. Because counsel's performance was not constitutionally deficient, id. at 687-88, petitioner's claim of ineffective assistance of counsel for failure to investigate fails.

Petitioner next argues that his guilty plea was coerced and involuntary due to ineffective assistance of counsel. According to petitioner, he had insisted to both counsel that he wished to be tried by a jury, but counsel became angry and he felt compelled to plead guilty.

Whether a guilty plea is voluntary is a question of federal law, Parke v. Raley, 506 U.S. 20, 35 (1992), reviewable de novo, Laycock v. New Mexico, 880 F.2d 1184, 1186 (10th Cir. 1989). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill, 474 U.S. at 56 (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). "A guilty plea entered upon the advice of counsel is invalid if the plea was coerced, or if the advice of [petitioner's] counsel was not within the range of competence demanded of attorneys in criminal cases." United States v. Carr, 80 F.3d 413, 416 (10th Cir. 1996)(citations omitted).

Petitioner admits that at the time of plea he stated that his plea was voluntary and that he knew he was giving up his right to a trial. See also Laycock, 880 F.2d at 1186-87 ("'Solemn declarations in open court carry a strong presumption of verity.'" (quoting United

5

States v. Estrada, 849 F.2d 1304, 1306 (10th Cir. 1988)). However, he now claims his concerns about Mr. Murphy's unpreparedness for a trial forced him to plead guilty. Petitioner also maintains Mr. Murphy promised him he would receive a more favorable sentence without a fine and avoid a Colorado prosecution and conviction and more prison time if he pled guilty. The record does not support petitioner's assertion that his plea was coerced. Petitioner's assertion and his testimony at the evidentiary hearing that his plea was coerced were merely conclusory. He did not prove Mr. Murphy materially misrepresented the consequences of the plea. Id. at 1186. Accordingly, this claim of ineffective assistance of counsel also fails.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED. We construe petitioner's notice of appeal as a request for a certificate of probable cause, see Fed. R. App. P. 22(b), and GRANT the request.

Entered for the Court

John C. Porfilio
Circuit Judge

6