**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANTONIO HERNANDEZ
RODRIGUEZ,

        Petitioner-Appellant,

v.

RICHARD SOARES, Warden, Limon
Correctional Facility; ATTORNEY
GENERAL OF THE STATE OF
KANSAS,

        Respondents-Appellees.

No. 01-3081
(D.C. No. 97-CV-3499-DES)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **ANDERSON** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Antonio Hernandez Rodriguez filed a habeas petition pursuant to 28 U.S.C. § 2254 in which he alleged his guilty plea was not knowing and voluntary and, therefore, "void" because the state trial court had misinformed him of the consequence of entering the plea. Specifically, he argues that although the state district court assured him he could raise his defense related to his lack of a speedy trial on appeal, the Kansas Supreme Court refused to hear such appeal. The federal district court denied the petition and granted him a certificate of appealability, see 28 U.S.C. § 2253(c)(1)(A), (B), thus permitting him to proceed on appeal. We determine that, although the state trial court erred in representing to petitioner that he could directly appeal the issue of whether his speedy trial rights were violated despite entering a guilty plea, that error was harmless, in light of the fact that the Kansas Supreme Court eventually did consider the speedy trial arguments. We affirm the district court's decision.

I. Background

In 1990, petitioner pled guilty in Kansas state court to one count of aggravated robbery. He was sentenced to forty-five years to life as an habitual criminal. The Kansas sentence was imposed to be served consecutively to sentences previously assessed in Colorado and Texas. Before entering his plea, petitioner informed the court that he wished to appeal the issue of whether his

speedy trial rights under the Interstate Agreement on Detainers Act had been violated.  The court assured him that, as the speedy trial issue went to the question of whether the court had jurisdiction to accept his plea, it would not be waived by the court's acceptance of the plea.

The Kansas Supreme Court, however, held that petitioner had waived the speedy trial issue by entering a guilty plea because the issue was not jurisdictional.  The court advised petitioner he could have the issue heard by moving to have his guilty plea vacated.  Petitioner filed a motion to vacate his guilty plea.  The trial court denied the motion on the ground that, as he was not asserting his innocence, petitioner could not withdraw his plea.  On appeal the Kansas Supreme Court affirmed the trial court's decision.  The court also reached the merits of petitioner's speedy trial claim and determined it was without merit.

Petitioner then brought this action in federal district court.  The district court denied relief, holding that petitioner had failed to meet the statutory requirements which would entitle him to habeas relief.  On appeal, petitioner reiterates his contention that his guilty plea was invalid because the state court misinformed him about the material consequences of his plea.  He argues that the courts reviewing his claim have erroneously applied the "hindsight harmless error test" in order to determine that his claim had no merit.  Petitioner's Br. at 8.

II. Analysis

Because this petition is governed by the provisions of AEDPA, our review hinges on the state courts' treatments of petitioner's claim. Since the Kansas Supreme Court adjudicated the claim on the merits,

> petitioner will be entitled to federal habeas relief only if he can establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Toles v. Gibson, 269 F.3d 1167, 1172 (10th Cir. 2001) (quotations and citation omitted). Further, we presume that the state court's determinations of historical fact are correct. 28 U.S.C. § 2254(e)(1).

A guilty plea must "represent[ ] a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). Whether a guilty plea was knowing and voluntary is a question of federal law, Marshall v. Lonberger, 459 U.S. 422, 431 (1983), which we review de novo, Laycock v. New Mexico, 880 F.2d 1184, 1186 (10th Cir. 1989).

> A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. Without adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense.

-4-

Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976) (citations omitted).

Although the state trial court's assurance to petitioner that he could raise the speedy trial issue on direct appeal resulted in petitioner not knowing the true consequence of his plea, that error was harmless. See, e.g., Chapman v. California, 386 U.S. 18, 22 (1967) (concluding that some constitutional errors may be "so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction"); see also Brecht v. Abrahamson, 507 U.S. 619, 634 (1993) (federal habeas relief will be granted to "[t]hose few who are . . . persons whom society has grievously wronged and for whom belated liberation is little enough compensation") (quotations omitted).

The Kansas Supreme Court did address petitioner's claim and found it to be without merit. Thus, petitioner actually received review he desired when he decided to enter the plea. That the review occurred in a later proceeding than anticipated, does not alter the fact that petitioner received all the review he was entitled to in the state courts.

In reviewing petitioner's claim on the merits, we cannot say that the Kansas Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable

determination of the facts.  Further, petitioner does not argue on appeal that the court erroneously decided that his speedy trial rights had not been violated.

III.  Conclusion.

Relief under § 2254(a) can be granted only if the state court's determination "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. 2254(d).  Even though petitioner was misinformed of his appeal rights, the speedy trial claim was ultimately heard by the Kansas Supreme Court.  Thus, no error cognizable on federal habeas review occurred.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge

-6-