**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 22 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

AURELIO PINELA-GUTIERREZ,

      Defendant - Appellant.

No. 04-2327

(D.C. No. 04-CV-1152)

(D. New Mex.)

---

**ORDER***

---

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This is a *pro se* 28 U.S.C. § 2255 prisoner appeal. Defendant pleaded guilty to possession with intent to distribute fifty kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He was sentenced to thirty-three months' incarceration followed by a three-year term of supervised release.

---

*This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Defendant did not appeal his conviction or sentence.

In his § 2255 motion, Defendant claimed that his counsel was ineffective because he failed to inform Defendant that his sentence could be increased because of his prior convictions. A claim for ineffective assistance of counsel requires Defendant to show that (1) his attorney's "performance was deficient . . . [in that he] made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court need not address both prongs of the *Strickland* test "if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998). The district court denied Defendant's motion holding that he failed to demonstrate prejudice as a result of his attorney's allegedly deficient performance. In addition, the district court denied Defendant's request for a certificate of appealability.

Defendant has renewed his request for a certificate of appealability with this court. In order for us to grant this request, Defendant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). To do so, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to

-2-

deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

Defendant's argument on appeal is exactly the same as that raised in the district court – that his attorney was constitutionally infirm because he failed to advise Defendant that his prior convictions could increase his sentence. The district court, relying on *Laycock v. New Mexico*, 880 F.2d 1184, 1187 (10th Cir. 1989), concluded that Defendant failed to establish prejudice because his allegations did not demonstrate a reasonable probability that he would have not pleaded guilty and insisted on going to trial.

We have carefully reviewed the briefs, the district court's disposition, the record on appeal, and the relevant law. For substantially the same reasons as articulated by the district court, we agree that Defendant's allegations do not establish "a reasonable probability that, but for counsel's [alleged] errors, he would not have pleaded guilty and would have insisted on going to trial." *Laycock*, 880 F.2d at 1187. The *Slack v. McDaniel* standard has not been met.

We DENY Defendant's request for a certificate of appealability and DISMISS this appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-