**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIE C. HOLT,

      Petitioner-Appellant,

v.

RON WARD, Director, Oklahoma
Department of Corrections,

      Respondent-Appellee.

No. 05-5207
(D.C. No. 03-CV-783-JOE-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

Willie Holt, a state prisoner proceeding pro se, requests a certificate of
appealability ("COA") to appeal the district court's denial of his 28 U.S.C.
§ 2254 habeas petition. For substantially the same reasons set forth by the district
court, we **DENY** a COA and **DISMISS**.

Holt was charged with trafficking in illegal drugs after former conviction of
a felony and failure to have a drug stamp after former conviction of a felony in an
information stating that he possessed 15 grams of crack cocaine. Possession of
more than five grams of crack cocaine constitutes trafficking under Oklahoma
law. Okla. stat. tit. 63, § 2-415(c)(7). Holt pled guilty and, as a part of that plea,

admitted before the court that he possessed 14.42 grams of crack cocaine. The state trial court sentenced Holt to 30 years' imprisonment and assessed a fine of $25,000. When it imposed the sentence, the court advised Holt of his right to appeal. Holt did not withdraw his guilty plea and did not otherwise perfect a petition for certiorari to the Oklahoma Court of Criminal Appeals ("OCCA") within the ten day limitations period.

After his time to appeal had expired, Holt filed a petition for post conviction relief in Oklahoma state court. The state district court dismissed his petition as meritless and the OCCA affirmed.

Holt then filed for federal habeas relief. Both his habeas petition and his subsequent application for a COA were denied by the district court. Holt now seeks a COA from this court and presents the same arguments he presented to the district court.[1]

---

[1] Holt's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Holt to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Holt a COA, he may not appeal the district court's decision absent a grant of COA by this court.

A habeas petitioner is not entitled to relief if his claim has been adjudicated on the merits by a state court unless that state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We review de novo the district court's denial of Logan's habeas petition. Beem v. McKune, 317 F.3d 1175, 1179 (10th Cir. 2003) (en banc).

Holt's habeas petition raises two ineffective assistance of counsel claims.[2] All ineffective assistance of counsel claims must meet the test announced in Strickland v. Washington, 466 U.S. 668, 687-91 (1984), which requires habeas petitioners to show constitutionally deficient performance by demonstrating that counsel's conduct was objectively unreasonable and resulted in prejudice by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Neither of Holt's claims meets this exacting standard. First, he argues that he was denied effective assistance of counsel because his trial counsel failed to advise him of possible grounds for appeal following his guilty plea. In Laycock v. New Mexico, 880

---

[2] The district court held that his petition was not procedurally barred because OCCA did not explain whether it was affirming the state trial court's determination based on the merits or because of a procedural bar. We agree with this determination.

F.2d 1184, 1187-88 (10th Cir. 1989), we held that attorneys have no absolute duty to advise their clients of their limited right to appeal following a gulity plea. "Failure to notify the defendant of this limited right is not itself ineffective assistence." Id. Counsel only has a duty to notify a defendant about the right to appeal if (1) the defendant inquires about an appeal, or (2) there was a constitutional error that might have resulted in a court setting aside his guilty plea. Id. The duty to advise a defendant about a constitutional error only arises when "counsel either knows or should have learned of his client's claim or of the relevant facts giving rise to that claim." Haridman v. Reynolds, 971 F.2d 500, 506 (10th Cir. 1992) (quotations and citations omitted). Holt does not claim that he inquired about an appeal, nor does he point to a constitutional error, or any facts relevant to such an error, that his counsel knew about or should have learned about. As such, his claim fails.

Holt also argues that his attorney provided ineffective assistance by advising him that the minimum amount of crack cocaine necessary to sustain a conviction for trafficking was 15 grams rather the correct amount, five grams. He claims that he would have otherwise brought his claim to trial. This argument makes no sense. Holt pled guilty to a crime which he allegedly thought consisted of possession of 15 grams; it is illogical that he would have contested a charge that he possessed less than 15 grams. Holt cannot establish prejudice and hence there was no ineffective assistance of counsel.

Finally, Holt argues that his guilty plea was invalid. He argues that there was not an adequate factual basis for his plea, that his plea was not knowingly, voluntarily, and intelligently entered because he was not advised that possession of 5 grams of crack constituted trafficking, and that he was not advised of all of the elements of trafficking. None of these arguments has any merit. The state courts found that he knowingly, voluntarily, and intelligently pled guilty and that there was an adequate basis for that plea. Factual findings by a state court are entitled to a presumption of correctness that may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Holt provides no such evidence. His claim that his plea was not made knowingly because he did not know that 5 grams of crack constituted trafficking is, as we noted above, illogical and does not establish a lack of knowledge for the plea.

For the reasons set forth above, Holt's request for a COA is **DENIED** and the appeal is **DISMISSED.**

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge