FILED
United States Court of Appeals
Tenth Circuit

February 24, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FREDRICK L. JONES,

      Petitioner-Appellant,

v.

STEVE HARTLEY, Warden of the
Limon Correctional Facility, and
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents-Appellees.

No. 09-1530
(D.C. No. 08-CV-2007-ZLW)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

---

Fredrick L. Jones,[1] a Colorado state prisoner proceeding *pro se*, applies for

a certificate of appealability (COA) to challenge the district court's denial of his

28 U.S.C. § 2254 petition for a writ of habeas corpus. Because the district court

correctly resolved all of Mr. Jones's arguments, we deny the application.

\* \* \*

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] In several filings in this court, Mr. Jones's first name was spelled
incorrectly as "Frederick." Because both the district court and Mr. Jones spell his
first name as "Fredrick," that is the spelling we will adopt.

Mr. Jones pled guilty to one count of second-degree kidnapping and one count of first-degree sexual assault. The state trial court sentenced him to two consecutive forty-five year prison terms, and his sentence was affirmed on direct appeal. Mr. Jones then unsuccessfully pursued post-conviction relief in the state courts, before filing the instant federal habeas petition under 28 U.S.C. § 2254. The district court rejected each of Mr. Jones's federal habeas claims and dismissed his petition with prejudice, and it is this order from which Mr. Jones now seeks to appeal.

Because Mr. Jones is in custody pursuant to the judgment of a state court, he may not appeal the federal district court's denial of habeas relief without a COA from the court of appeals. 28 U.S.C. § 2253(c)(1)(A). Where, as here, the district court has addressed the merits of the petitioner's claim, a COA will not issue unless the applicant makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Mindful of Mr. Jones's *pro se* status, in making this requisite assessment we review his claims with liberality. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n. 1 (10th Cir. 2007).

Mr. Jones claims he is entitled to relief for four reasons. First, he argues that trial counsel provided ineffective assistance by withdrawing various motions to suppress prior to his plea. Second, he argues that trial counsel provided ineffective assistance by failing to investigate an affirmative defense of impaired mental condition. Third, he claims that the state trial court applied an incorrect

- 2 -

legal standard in assessing whether he was prejudiced by his trial counsel's alleged errors. Fourth and finally, he contends that his due process rights were violated when he received an unfair post-conviction evidentiary hearing in the state trial court. In a thorough, eighteen-page order, the district court explored and correctly rejected each of these claims, and we affirm for substantially the reasons that the court gave in its order.[2]

In support of his first claim, Mr. Jones argues that trial counsel's withdrawal of various suppression motions forced him to plead guilty, rather than proceed to trial. To succeed on a claim of ineffective assistance, Mr. Jones must show that his counsel performed deficiently and that this deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Hill v. Lockhart*, the Supreme Court clarified that, in the plea context, counsel's deficient performance is prejudicial only if "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. 52, 58-59 (1985). As the district court observed, Mr. Jones cannot satisfy this prejudice prong.

At a post-conviction evidentiary hearing, Mr. Jones's trial counsel testified before a state court that he had withdrawn several pending motions to suppress

---

[2] In his federal habeas petition, Mr. Jones also raised the claim that trial counsel had induced him to plead guilty based on misrepresentations as to what his sentence would be. On appeal, however, Mr. Jones has conceded that claim. *See* Opening Br. at 3(a).

DNA evidence, identification testimony, and incriminating statements at the "specific request" of Mr. Jones, and the state court accepted this testimony as true in rejecting Mr. Jones's post-conviction motion. R. at 293. Before the district court and us, Mr. Jones provides no evidence to rebut the state trial court's credibility and factual findings. As a result, and as the district court properly held, Mr. Jones cannot establish that it was his trial counsel's actions that led him to plead guilty rather than proceed to trial. Mr. Jones seeks to avoid this result by arguing that prejudice should be presumed. But for this to be true, he would need to show that trial "counsel [had] *entirely* fail[ed] to subject the prosecution's case to meaningful adversarial testing," *Bell v. Cone*, 535 U.S. 685, 696 (2002) (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984)) (emphasis added), and that is not the case here.

In support of his second claim, Mr. Jones argues that trial counsel should have investigated the affirmative defense of impaired mental condition, even after Mr. Jones was found competent to stand trial.[3] In *Strickland*, the Supreme Court stated that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 691. At the same time, the Court also instructed that "[i]n any ineffectiveness

_____

[3] Colorado defines "impaired mental condition" as "a condition of mind, caused by mental disease or defect that prevents the person from forming the culpable mental state that is an essential element of any crime charged." Colo. Rev. Stat. § 16-8-102(2.7)(a).

case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

As the district court noted, the record in this case reveals that, prior to Mr. Jones's plea, trial counsel successfully sought a court-appointed psychiatrist to conduct a competency examination of Mr. Jones, and that psychiatrist eventually found Mr. Jones competent to stand trial. The record further indicates that trial counsel raised the competency issue to "make sure [he] wasn't missing something," and not in response to any specific behavior by Mr. Jones. R. at 290-91. In fact, trial counsel testified that Mr. Jones "[f]rom the beginning" had "displayed an understanding of what was happening, [and] what the defense would be." R. at 290. Before the district court, Mr. Jones failed to identify any evidence in the record that would have warranted trial counsel's further inquiry into his mental state or prompted trial counsel to question his mental condition at the time the offenses were committed. Accordingly, the district court correctly concluded that there is no basis for finding that trial counsel's decision not to pursue the defense of impaired mental condition, after a reasonable investigation, was objectively unreasonable. *See United States ex rel. Rivera v. Franzen*, 794 F.2d 314, 317 (7th Cir. 1986) ("The Sixth Amendment does not require a defense attorney to pursue defenses that are not reasonably suggested by the apparent

factual circumstances surrounding the crime charged or the subsequent demeanor and conduct of the client.").

As to his third claim, Mr. Jones argues that the state trial court erred when, in denying his ineffective assistance of counsel claims, it applied the standard set forth in *Strickland v. Washington*, 466 U.S. 668, instead of the standard articulated in *Hill v. Lockhart*, 474 U.S. 52. However, as the district court correctly observed, the Supreme Court in *Hill* did nothing more than apply the *Strickland* standard to claims of ineffective assistance in the context of a guilty plea. *See Hill*, 474 U.S. at 57-58 ("Although our decision in *Strickland* . . . dealt with a claim of ineffective assistance of counsel in a capital sentencing proceeding, . . . the same two-part standard seems to us applicable to ineffective-assistance claims arising out of the plea process."); *see also Laycock v. State of New Mexico*, 880 F.2d 1184, 1187 (10th Cir. 1989) ("Although [*Strickland* was] proposed in the capital sentence context, the Supreme Court has extended this test [in *Hill*] to guilty plea challenges based on ineffective assistance of counsel."). The tests articulated in *Hill* and *Strickland* are substantively the same, and so the state trial court could not have erred when it applied one rather than the other. Indeed, Mr. Jones's ineffective assistance of counsel claims fail under *Hill* for the same reasons they fail under *Strickland*, and thus Mr. Jones cannot show the denial of a constitutional right.

Finally, Mr. Jones's fourth claim, challenging his state post-conviction evidentiary hearing as unfair, is not cognizable in a federal habeas proceeding. Under § 2254, a petitioner may obtain relief only for errors in the state judgment forming the basis for incarceration. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction"). Federal habeas relief does not exist to remedy defects in the state post-conviction proceeding, a proceeding collateral to detention. *See United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006) ("[D]ue process challenges to post-conviction procedures fail to state constitutional claims cognizable in a federal habeas proceeding."); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error [the defendant] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim.").

Because the district court correctly determined that Mr. Jones has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C.

§ 2253(c)(2), the application for a COA is denied, and this appeal is dismissed.

His motion for leave to proceed *in forma pauperis* is granted.[4]

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

---

[4] Having reviewed Mr. Jones's submissions, we conclude that Mr. Jones's appeal is timely under the prison mailbox rule articulated in Federal Rule of Appellate Procedure 4(c)(1). *See Price v. Philpot*, 420 F.3d 1158, 1164-67 (10th Cir. 2005).