**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DANIEL J. MACIE,

    Petitioner-Appellant,

v.

H.N. "SONNY" SCOTT, Warden,

    Respondent-Appellee.

No. 97-6128
(D.C. No. CIV-97-28-W)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Petitioner Daniel J. Macie, a state inmate appearing pro se, appeals the district court's order dismissing his habeas petition under 28 U.S.C. § 2254. Macie pleaded guilty in state court on April 22, 1994, to one count of second

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

degree rape, one count of sodomy, and one count of forcible sodomy. He was sentenced to fifteen years' imprisonment on the rape conviction, ten years' imprisonment on the sodomy conviction, and ten years' imprisonment on the forcible sodomy conviction, with the sentences to be served consecutively. Macie did not withdraw his guilty plea or file a direct appeal. He filed an application for post-conviction relief in state court, which was denied and the denial was affirmed by the Oklahoma Court of Criminal Appeals.

Macie asks us to grant him a certificate of appealability to appeal the district court's denial of his habeas petition. This court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In his federal habeas petition, Macie argued (1) his plea was not knowingly, voluntarily, and intelligently entered; (2) there was no factual basis for a guilty plea to second degree rape; (3) the information was fatally defective; (4) he was charged under an unconstitutionally vague statute; and (5) he received ineffective assistance of counsel.

Federal habeas review is barred when a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule," unless the prisoner can demonstrate cause and "actual prejudice" or that failure to review the petition will result in a "fundamental miscarriage of

-2-

justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Macie did not present any of his claims to the state court on direct appeal, as is required by Oklahoma state law. The district court concluded Macie waived his first four claims under an "adequate and independent" state procedural rule when he failed to raise them on direct appeal. Moreover, Macie has not demonstrated cause and prejudice for failure to raise his claims in compliance with Oklahoma law, or that failure to consider his claims will result in a "fundamental miscarriage of justice." We agree with the district court's rulings and conclude Macie's first four claims are procedurally barred.[1]

Macie argues he received ineffective assistance of counsel at trial because his counsel (1) failed to investigate and research the Oklahoma rape statute to which he pleaded guilty; (2) advised Macie to enter a guilty plea while he was involuntarily intoxicated; (3) failed to present mitigating testimony during sentencing; and (4) failed to advise him of his right to appeal. To prove he received ineffective assistance of counsel, Macie must show his counsel was deficient and that counsel's deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 686 (1984). In applying the Strickland test to establish counsel was deficient, Macie must show counsel gave advice that was

---

[1] Although Macie did not present his ineffective assistance of counsel claim on direct appeal, it is not procedurally barred. See Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994).

not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985). Prejudice is shown by demonstrating there is a "reasonable probability, but for the attorney's errors, [petitioner] would not have pleaded guilty but would have insisted on going to trial." Id. at 59. We review a claim of ineffective assistance of counsel de novo. See Nickel v. Hannigan, 97 F.3d 403, 408 (10th Cir.), cert. denied 117 S. Ct. 112 (1996).

**Failing to Investigate Rape Statute**

Macie argues if his counsel had investigated the statute and the facts, he would have discovered Macie should not have been charged with second degree rape because the victim was not under the age of sixteen. The magistrate found that

> trial counsel entered into a strategy of recommending a guilty plea on three serious felony counts . . . reliev[ing] petitioner of being charged with other crimes and . . . provid[ing] him with a lesser sentence on Counts II and III than if he had gone to trial. . . . Petitioner and trial counsel clearly weighed the risks of going to trial and chose to enter a guilty plea in an effort to receive lighter sentences for three crimes.

Doc. 12 at 10-11. The district court adopted the magistrate's findings.

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that, under the circumstances, the challenged action is considered sound strategy. United States v. Andrews, 790 F.2d 803, 814 (10th Cir. 1986). The validity of a guilty plea depends upon a

defendant's knowing and voluntary choice among alternatives.  Moore v. U.S., 950 F.2d 656, 660 (10th Cir. 1991).  We must make a determination in light of all of the circumstances presented in the record.  Andrews, 790 F.2d at 814.  In Macie's application for post-conviction relief filed in state court and attached to respondent's response filed before the federal district court, Macie stated that his counsel told him if he did not plead to all three counts, the district attorney would bring additional charges.  From this, we can conclude that by pleading guilty to all three counts, Macie possibly avoided being charged with additional counts.  See id.  Macie has not demonstrated how he was prejudiced by counsel's representation.

### Advising Macie to Enter Guilty Plea While Involuntary Intoxicated

Macie argues counsel erred in allowing him to enter a guilty plea while he was involuntarily intoxicated.  The record indicates the court found Macie was competent to enter a guilty plea.  Counsel has filed an affidavit stating Macie did not appear to be intoxicated at the time of the plea.  The affidavit also stated that counsel asked Macie if he was under the influence of any drugs, alcohol, or other substance at the time of the plea and that Macie denied any such influence.  Counsel was not ineffective in advising Macie to plead guilty under these circumstances.

### Failing to Present Mitigating Testimony

Macie argues counsel erred by failing to present mitigating evidence during sentencing. The wisdom of counsel's decision to forgo presentation of mitigating testimony during sentence is debatable; however, the decision was within the range of competence demanded of attorneys in criminal cases. Hill, 474 U.S. at 56.

### Failing to Advise of Right to Appeal

The record reflects the court advised Macie of his right to appeal at the time he entered his guilty plea. Counsel was not ineffective for failing to advise Macie of his right to appeal. See Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir. 1989) (attorney has no absolute duty to advise client of limited right to appeal after guilty plea).

Macie's motion for leave to proceed in forma pauperis is GRANTED. The certificate of appealability is DENIED and this appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge