**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAYLYN MARQUICE BELL,

    Defendant - Appellant.

No. 20-6039
(D.C. No. 5:19-CR-00015-G-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**\*
_____

Before **HARTZ**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the appeal waiver in Jaylyn Marquice Bell's plea agreement. We grant the government's motion and dismiss the appeal.

Mr. Bell pled guilty to one count of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a). The district court sentenced him to 216 months' incarceration—144 months less than the 360-month sentence recommended by the Sentencing Guidelines.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Bell's plea agreement contained a broad waiver of his appellate rights, including his right to appeal his "guilty plea[] and any other aspect of [his] conviction," and his "sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined." Mot. to Enforce Appellate Waiver, Ex. 1 at 8. But it reserved Mr. Bell's right to appeal the substantive reasonableness of his sentence "[i]f the sentence is above the advisory Guidelines range determined by the Court to apply to [Mr. Bell's] case." *Id.*

Despite his below-Guidelines sentence and the appeal waiver in his plea agreement, Mr. Bell seeks to challenge the length of his sentence through this appeal. The government has moved to enforce the appeal waiver in the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied: (1) Mr. Bell's appeal is within the scope of the appeal waiver because he waived the right to challenge his "guilty plea" and his "sentence as imposed by the Court," Mot. to Enforce Appellate Waiver, Ex. 1 at 8, and the limited exception to this waiver does not apply because the district court imposed a below-Guidelines sentence; (2) Mr. Bell knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver will not result in a miscarriage of justice.

2

Mr. Bell's attorney filed a response "acknowledg[ing] that [Mr. Bell's] appeal waiver is enforceable . . . because Mr. Bell does not have the ability to carry his burden of proof to demonstrate otherwise." Resp. to Mot. to Enforce Appeal Waiver at 1. But Mr. Bell's attorney informed the court that "Mr. Bell disagrees with counsel's assessment of the case and requests that this Court give him an opportunity to respond to the motion to enforce pro se." *Id.*

We therefore invited Mr. Bell to file a pro se response. Mr. Bell entitled his response "Right To Have Direct Appeal Back." Pro se Resp. at 1. The substance of his response follows:

> I am humbly requesting that i am giving my right to a direct appeal back.
>
> When i went through the courts in this case, I didn't fully comprehend the conseqcences [sic] of my agreement pertaining to the waivers. I was led to believe that if i didn't pled [sic] guilty i would receive 360+ months instead of the 216 months i received, also i was told another charge would be added. As a result i am looking more throughly [sic] at my case.

*Id.*

We liberally construe Mr. Bell's pro se response as contending that he did not knowingly and voluntarily enter into his plea agreement or waive his rights to an appeal. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The defendant bears the burden to prove that he did not knowingly and voluntarily waive his appellate rights. *Hahn*, 359 F.3d at 1329.

> When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to two factors. First, we examine whether the language of the plea agreement states that the defendant entered the

3

agreement knowingly and voluntarily.  Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy.

*Id.* at 1325 (citation omitted).  Where a defendant challenges the underlying plea in addition to the appeal waiver in a plea agreement, we "consider whether a defendant's entire plea agreement was knowing and voluntary—not merely whether the defendant understood the particular rights he was giving up when he entered into the plea agreement."  *United States v. Rollings*, 751 F.3d 1183, 1189 (10th Cir. 2014) (emphasis omitted).

Mr. Bell's plea agreement stated on its face that Mr. Bell "knowingly and voluntarily" waived his appeal rights.  Mot. to Enforce Appellate Waiver, Ex. 1 at 8.  And it concluded with the statement that "[b]y signing this Plea Agreement, Defendant acknowledges that Defendant has discussed the terms of the Plea Agreement with Defendant's attorney and understands and accepts those terms."  *Id.* at 12.  Mr. Bell signed the plea agreement.

At Mr. Bell's change-of-plea hearing, the district court conducted an adequate Rule 11 colloquy.  Among other things, Mr. Bell stated he understood the proceedings and his counsel stated that he had no doubts regarding Mr. Bell's competency.  Mr. Bell further stated that he understood the charge against him and "the consequences that would apply if [he] were to plead guilty to that charge."  *Id.*, Ex. 2 at 8.  Regarding the appeal waiver, Mr. Bell indicated that he understood he was "waiving the right to appeal the sentence [imposed by the district court] as long as that sentence [wa]s within or below the guideline range," and that he was

4

"ultimately waiving [his] right to appeal even though, as . . . discussed [with the district court], [Mr. Bell did] not yet know what [his] sentence [would] be." *Id.* at 13. The district court concluded by making express findings "that [Mr. Bell was] knowingly, voluntarily, and freely entering his plea of guilty," and "that [Mr. Bell] underst[ood] the charge and the consequences of his plea." *Id.* at 18.

Based on our independent review of the record, we conclude that the *Hahn* conditions are satisfied in this case. Mr. Bell's conclusory and unsubstantiated assertion that he did not "fully comprehend the conseqcences [sic] of . . . the waivers," Pro se Resp. at 1, does not undermine our conclusion. *See United States v. Tanner*, 721 F.3d 1231, 1233–34 (10th Cir. 2013) (per curiam) ("[I]n spite of a defendant's post hoc assertions to the contrary . . . either the express language of the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing inquiry of a proper Rule 11 colloquy could be enough to conclude the waiver was knowing and voluntary. But the synergistic effect of both will often be conclusive.").

Nor is our conclusion undermined by Mr. Bell's unsubstantiated descriptions of the representations made to him about the sentence he might have faced if he had not pled guilty. Even an "erroneous" estimate of the sentence to be imposed under the plea bargain "does not render a plea involuntary." *Laycock v. New Mexico*, 880 F.2d 1184, 1186 (10th Cir. 1989). The alleged representation here does not relate to the sentence imposed under the plea bargain. And Mr. Bell presents no evidence of error in the alleged estimate that he would face "360+ months" in prison if he did not plead guilty. To the contrary, the district court found that the

5

Sentencing Guidelines recommended a sentence of 360 months for the one charge Mr. Bell pled guilty to.

And finally, our conclusion is not undermined by Mr. Bell's contention that someone told him he would be charged with additional crimes if he did not plead guilty. Good faith threats of prosecution for additional crimes in the absence of a plea bargain do not undermine a plea's voluntariness. *Cf. Miles v. Dorsey*, 61 F.3d 1459, 1468 (10th Cir. 1995) (holding that good faith threats to prosecute third parties in the absence of a plea do not undermine the plea's voluntariness). Mr. Bell has not presented any evidence that prosecutors misrepresented additional charges he might face to coerce a guilty plea.

The record instead demonstrates that prosecutors would have been justified in pressing additional charges but agreed not to in exchange for Mr. Bell's guilty plea. The district court found at sentencing that "the evidence ties Mr. Bell to . . . at least four and possibly five or more underage females who were engaging in prostitution under his control." Mot. to Enforce Appellate Waiver, Ex. 3 at 46. "And then the evidence reflects after Mr. Bell was arrested, he attempted to have another person commit perjury in order to allow him to avoid conviction in this case." *Id.* at 47. In Mr. Bell's plea agreement, the government agreed it would "not further prosecute [Mr. Bell] for any crimes related to [his] participation in child sex trafficking and child pornography during the period from May 2018 through

November 2018 or for obstruction of justice during the period from November 2018 through on or about June 11, 2019." *Id.*, Ex. 1 at 11.

In view of these facts, even if we take Mr. Bell's allegation as true that he "was told another charge would be added," Pro se Resp. at 1, if he did not plead guilty, that representation does not undermine the voluntariness of his plea. *Cf. Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) ("Defendants advised by competent counsel and protected by other procedural safeguards are presumptively capable of intelligent choice in response to prosecutorial persuasion, and unlikely to be driven to false self-condemnation.").

We therefore grant the government's motion and dismiss the appeal.

Entered for the Court
Per Curiam

7